UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILDLANDS DEFENSE; ALLIANCE FOR THE WILD ROCKIES; and NATIVE ECOSYSTEMS COUNCIL<br><br>Plaintiff,<br><br>v.<br><br>CECILIA SEESHOLTZ, in her official capacity as Boise National Forest Supervisor; TONY TOOKE, in his official capacity as Chief of the United States Forest Service; UNITED STATES FOREST SERVICE; and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants. | Case No. 1:17-cv-408-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for leave to file a surreply brief. The final brief was received on March 5, 2018, and the motion is now at issue. For the reasons explained below, the Court will grant the motion

## LITIGATION BACKGROUND

In this action, plaintiffs seek to enjoin two Forest Service projects to log burned timber. In January of 2018, the Court heard oral argument on cross-motions for summary judgment, and took the motions under advisement. Before the Court could render a

**Memorandum Decision & Order – page 1**

decision, plaintiffs filed the motion now before the Court, seeking leave to file a surreply brief arguing that the Court should consider new evidence that the Forest Service is currently engaging in consultation with the Fish and Wildlife Service (FWS) under § 7 of the Endangered Species Act (ESA) to consider protections for the bull trout. The plaintiffs cite caselaw requiring agencies to hold projects in abeyance until formal consultation with the FWS has been completed. The plaintiffs allege that they were unaware of this new evidence until the Forest Service moved to dismiss an unrelated case on the ground that the consultation with the FWS mooted the claims for consultation in that case. Hearing about that consultation for the first time, plaintiffs immediately filed the present motion seeking leave to file a surreply brief to argue that the consultation requires a halt to the two logging projects at issue here. The Government responds that plaintiffs cannot litigate this issue because it was not included in plaintiffs' Notice of Intent to Sue, which is a jurisdictional prerequisite to filing this action.

The Court must determine whether it has jurisdiction to consider plaintiffs' argument contained in their surreply brief, and, if so, whether to allow that brief to be filed. The merits of the arguments made in the surreply brief are not at issue here.

## ANALYSIS

The primary purpose of the 60-day notice requirement is to give an agency a chance to cure the flaws and avoid litigation. *Conservation Congress v. Finley*, 774 F.3d 611, 618, (9th Cir. 2014). The plaintiffs sent their Notice to defendants on June 26, 2017. The Notice claims that the two logging projects fail to comply with the Boise National Forest Plan. More specifically, the Notice claims that the projects failed to comply with

**Memorandum Decision & Order – page 2**

the Plan's protections for bull trout, including the buffer zones known as Resource Conservation Areas (RCA) the water quality measures known as Watershed Condition Indicators (WCIs).

The Notice challenged as insufficient the Forest Service's consultation with the FWS under § 7 of the ESA. That consultation – a much narrower one than the consultation constituting the new evidence discussed above – culminated in May of 2017 with a finding by the FWS that the two logging projects were not likely to adversely affect the bull trout or the Canada Lynx.

What the plaintiffs did not know when they drafted their Notice in June of 2017, was that the staff of the Forest Service and FWS had been meeting for several months to discuss another, much broader, evaluation. The agencies were proposing to evaluate, at a programmatic level, the impact of Forest Plans on bull trout habitat across its entire range, a swath of territory including the Boise National Forest and 26 other National Forests. Those agency meetings eventually resulted in a formal consultation that is still ongoing, and is not expected to be completed until later this year. The surreply brief that plaintiffs seek to file in the motion now under consideration argues that the two logging projects must be halted until that consultation is completed.

The Forest Service objects to the filing of the surreply brief, arguing that plaintiffs' Notice said nothing about this much broader consultation. Arguing that the Notice is a jurisdictional prerequisite to suit, and must identify with specificity the agency's flaws, the Forest Service claims that plaintiffs' Notice fails this test.

The Court disagrees. The "notice need not provide the exact details of the legal arguments that the plaintiffs intend to eventually make." *Conservation Congress,* 774 F.3d at 618. Here, the plaintiffs' Notice claimed that the Forest Service's narrower consultation with the FWS was insufficient, and that the agency must initiate formal consultation with the FWS because the logging projects violated the Boise National Forest Plan provisions for bull trout habitat. That allegation put the Forest Service on notice that plaintiffs would also demand that the logging projects be halted until this much broader consultation was completed.

For these reasons, the Court finds that the motion for leave to file surreply brief shall be granted.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to file surreply brief (docket no. 35) is GRANTED. The defendant shall immediately file a separate surreply brief identical to the brief attached as Exhibit 2 to the motion (docket no. 35-2).

DATED: March 27, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge